******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# WENDALL HASAN *v.* COMMISSIONER OF CORRECTION
## (AC 43433)

Bright, C. J., and Alvord and Pellegrino, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of felony murder and burglary in the first degree, sought a third petition for a writ of habeas corpus. The respondent Commissioner of Correction filed a request for an order to show cause why the petition should be permitted to proceed. Following a hearing, at which the petitioner raised for the first time a claim of actual innocence based on purported newly discovered DNA evidence, the habeas court dismissed the third habeas petition as untimely pursuant to the applicable statute (§ 52-470 (d) and (e)), concluding that the petitioner failed to establish good cause for the delay in filing the petition three years after the October 1, 2014 deadline. Thereafter, the petitioner, on the granting of certification, appealed to this court. *Held* that the habeas court properly dismissed the petitioner's third habeas petition pursuant to § 52-470 (d) and (e), the petitioner having failed to overcome the rebuttable presumption that he lacked good cause for filing his petition beyond the statutory deadline; contrary to the petitioner's contention, the petitioner's assertion of a claim of actual innocence and reference to new evidence for the first time at the show cause hearing were not sufficient to overcome the presumption that the delay in filing the petition was without good cause, as they were irrelevant to the habeas court's determination of good cause, the petition having contained only a claim of ineffective assistance of counsel.

Argued May 25—officially released August 10, 2021

*Procedural History*

Petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Newson, J.*, rendered judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Naomi T. Fetterman*, for the appellant (petitioner).

*Timothy F. Costello*, senior assistant state's attorney, with whom, on the brief, were *Paul J. Ferencek*, state's attorney, and *Jo Anne Sulik*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PELLEGRINO, J. Following the granting of his petition for certification to appeal, the petitioner, Wendall Hasan, appeals from the judgment of the habeas court dismissing his third petition for a writ of habeas corpus. The petitioner claims that the court improperly dismissed his petition as untimely under General Statutes § 52-470 (d) and (e). We disagree and affirm the judgment of the habeas court.

After being convicted of felony murder and burglary in the first degree, on August 1, 1986, the petitioner filed his first petition for a writ of habeas corpus as a self-represented party, claiming ineffective assistance of trial counsel. The petitioner thereafter was appointed counsel and amended his petition on March 6, 1990. After holding an evidentiary hearing, the habeas court denied the petitioner's first habeas petition. Following the granting of certification to appeal, the petitioner appealed from the denial of his first habeas petition, and this court affirmed the judgment of the habeas court. *Hasan* v. *Warden*, 27 Conn. App. 794, 799, 609 A.2d 1031, cert. denied, 223 Conn. 917, 614 A.2d 821 (1992). On June 29, 2005, the petitioner filed his second petition for a writ of habeas corpus, claiming ineffective assistance of habeas counsel. The petitioner again was appointed counsel, and the habeas court denied the petitioner's second habeas petition. The petitioner then appealed, and this court dismissed the petitioner's appeal. *Hasan* v. *Commissioner of Correction*, 124 Conn. App. 906, 4 A.3d 1282, cert. denied, 299 Conn. 917, 10 A.3d 1051 (2010).

On October 2, 2017, the self-represented petitioner filed his third petition for a writ of habeas corpus, which is the subject of this appeal.[1] In that petition, he claimed that his counsel in his first habeas proceeding provided ineffective assistance. The petitioner was assigned counsel. On December 21, 2018, the respondent, the Commissioner of Correction, filed a request for an order to show cause pursuant to General Statutes § 52-470 (d) and (e),[2] arguing that the petitioner's third habeas petition was untimely and should therefore be dismissed. Specifically, the respondent claimed that the petitioner was required to file any challenge to his 1986 conviction on or before October 1, 2014, and that his third habeas petition, which was filed nearly seven years after the judgment in his second habeas petition became final and three years after October 1, 2014, was not timely filed and, thus, had to be presumed to be delayed without good cause under § 52-470 (d). After a show cause hearing for the petitioner to present evidence of good cause for his untimely filing, during which the petitioner raised for the first time a claim of actual innocence, the habeas court determined that the petitioner had failed to establish good cause and dismissed the petition.[3] The habeas court made the follow-

ing findings in dismissing the petitioner's third habeas petition pursuant to § 52-470 (d) and (e): "The petitioner has presented no reason why he failed to file this petition by the October 1, 2014 deadline. Even if the court were to accept counsel's argument that the Connecticut Innocence Project has discovered information through the reexamination of DNA . . . that would support an actual innocence claim, the petitioner has failed to provide any 'good cause' for a delay of three years before filing the present petition, which, for the record, is notably absent of any mention of DNA or actual innocence."

The petitioner filed a motion for reconsideration, which was denied by the habeas court. The petitioner then filed a petition for certification to appeal, which the habeas court granted, and this appeal followed.

On appeal, the petitioner claims that the habeas court erroneously dismissed his third habeas petition pursuant to § 52-470 (d) and (e).[4] In support of this claim, the petitioner argues that § 52-470 (f)[5] permits him to pursue his habeas claim, "regardless of the time limitations delineated in . . . § 52-570 (d)," because he asserted a claim of actual innocence at the show cause hearing.

We begin by setting forth the applicable standard of review. The petitioner's argument that the court should not have dismissed his third habeas petition pursuant to § 52-470 (d) and (e) because he had raised a claim of actual innocence "presents an issue of statutory interpretation over which we exercise plenary review in accordance with the plain meaning rule codified in General Statutes § 1-2z."[6] (Internal quotation marks omitted.) *Antonio A.* v. *Commissioner of Correction*, 205 Conn. App. 46, 63,      A.3d      (2021).

The petitioner claims that, because he asserted a claim of actual innocence before the habeas court in the show cause hearing, "the rebuttable presumption of untimeliness does not apply and [he] should be permitted to pursue his claims." More specifically, the petitioner argues that, "[i]nstead of dismissing [his] petition based on an erroneous statutory interpretation, the habeas court should [have been] concerned that evidence . . . that [may] lead to . . . [an] overturned . . . [conviction] . . . was . . . presented . . . ." We disagree.

The circumstances of the present case are remarkably similar to those of *Antonio A.*, in which the petitioner argued that, "because of the representation of his counsel that it was possible that she would pursue an actual innocence claim in an amended petition in the future, the court was obligated to delay the timing of the [good cause] hearing and to afford counsel sufficient time to determine whether they have a good faith basis to present such a weapon to survive possible dismissal." (Internal quotation marks omitted.) *Antonio A.* v. *Com-*

*missioner of Correction,* supra, 205 Conn. App. 63. In addressing the petitioner's argument in *Antonio A.*, this court held: "By its terms, § 52-470 (d) applies [i]n the case of *a petition filed* subsequent to a judgment on a prior petition challenging the same conviction, and it gives rise to a rebuttable presumption that the filing of *the subsequent petition* has been delayed without good cause if *such petition* is filed after the occurrences specified therein. . . . Pursuant to § 52-470 (e), [i]n a case in which the rebuttable presumption of delay under subsection . . . (d) of this section applies, the court, upon the request of the respondent, shall issue an order to show cause why *the petition* should be permitted to proceed. . . . Moreover, the statute provides that, [i]f . . . the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss *the petition*. . . .

"As the emphasized language reflects, once the respondent relies on the rebuttable presumption in § 52-470, the court's good cause inquiry is properly focused not on a hypothetical petition that the petitioner may file in the future but on the petition that has been filed by the petitioner." (Citation omitted; emphasis in original; internal quotation marks omitted.) Id., 64.

In the present case, it is undisputed that the petitioner's third habeas petition alleging ineffective assistance of counsel was not timely filed. For this reason, the respondent requested, and the habeas court held, a hearing to determine whether the petitioner had good cause for filing his petition beyond the October 1, 2014 statutory deadline. At this hearing, the petitioner, for the first time, asserted a claim of actual innocence and argued that his assertion of this claim and the discovery of new evidence was enough to overcome the presumption that he lacked good cause for filing his third habeas petition beyond the deadline. The petitioner's third habeas petition, however, does not contain a claim of actual innocence, nor does it contain any reference to such a claim or to new evidence. As this court held in *Antonio A.*, the habeas court's "inquiry is properly focused not on a hypothetical petition that the petitioner may file in the future but on the petition that *has been filed* by the petitioner." (Emphasis added.) Id. Accordingly, the petitioner's assertion of a claim of actual innocence and reference to new evidence for the first time at the show cause hearing were irrelevant to the habeas court's determination of good cause in the present case because the third habeas petition contained only a claim of ineffective assistance of counsel.[7] Therefore, we conclude that the petitioner failed to overcome the rebuttable presumption that he lacked good cause for filing his petition beyond the statutory deadline and that the court properly dismissed the petitioner's third habeas petition pursuant to § 52-470 (d) and (e).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We note that the petitioner also filed a petition for a writ of habeas corpus in federal court on April 5, 2011. The petitioner's federal habeas petition was dismissed by the District Court; *Hasan* v. *Alves*, United States District Court, Docket No. 3:11-CV-524 (GWC) (D. Conn. May 27, 2016); and the petitioner's motion for the issuance of a certificate of appealability was denied. *Hasan* v. *Alves*, United States District Court, Docket No. 3:11-CV-524 (GWC) (D. Conn. August 9, 2016), appeal dismissed, United States Court of Appeals, Docket No. 16-2961 (2d Cir. January 10, 2017). In this opinion, we refer to the petitioner's October 2, 2017 petition as the third habeas petition because it was the third state petition filed by the petitioner.

[2] General Statutes § 52-470 provides in relevant part: "(d) In the case of a petition filed subsequent to a judgment on a prior petition challenging the same conviction, there shall be a rebuttable presumption that the filing of the subsequent petition has been delayed without good cause if such petition is filed after the later of the following: (1) Two years after the date on which the judgment in the prior petition is deemed to be a final judgment due to the conclusion of appellate review or the expiration of the time for seeking such review; [or] (2) October 1, 2014 . . . .

"(e) In a case in which the rebuttable presumption of delay under subsection . . . (d) of this section applies, the court, upon request of the respondent, shall issue an order to show cause why the petition should be permitted to proceed. The petitioner or, if applicable, the petitioner's counsel, shall have a meaningful opportunity to investigate the basis for the delay and respond to the order. If, after such opportunity, the court finds that the petitioner has not demonstrated good cause for the delay, the court shall dismiss the petition. . . ."

[3] As an alternative ground for dismissal, the habeas court also determined that the petitioner's third habeas petition was barred by the doctrine of res judicata pursuant to Practice Book § 23-29 (3).

[4] The petitioner also claims that the habeas court erroneously dismissed the third habeas petition pursuant to Practice Book § 23-29. See footnote 3 of this opinion. Because we conclude that the habeas court properly dismissed the petitioner's third habeas petition pursuant to § 52-470 (d) and (e), we need not address the petitioner's claim that the court erred in dismissing the petition pursuant to Practice Book § 23-29.

[5] General Statutes § 52-470 (f) provides in relevant part: "Subsections (b) to (e), inclusive, of this section shall not apply to (1) a claim asserting actual innocence . . . ."

[6] General Statutes § 1-2z provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."

[7] We acknowledge, and the respondent agrees, that the petitioner is not precluded from filing an additional habeas petition to pursue a claim of actual innocence. See *Kelsey* v. *Commissioner of Correction*, 329 Conn. 711, 720 n.4, 189 A.3d 578 (2018) (holding that "§ 52-470 (f) . . . creates an exception to subsections (c) through (e) for petitioners asserting [claims of] actual innocence" (internal quotation marks omitted)).